IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2018

## STATE OF TENNESSEE v. RODRICUS ANTWAN JOHNSON

**Appeal from the Criminal Court for Shelby County**
No. 02-07973        Chris Craft, Judge

_____

### No. W2018-00950-CCA-R3-CD

_____

Rodricus Antwan Johnson, Movant, filed a Tennessee Rule of Criminal Procedure 36.1 motion seeking correction of what he claimed was an illegal sentence because the trial court applied enhancement factors that were required by *Blakely v. Washington*, 542 U.S. 296 (2004) to be determined by the jury. The trial court summarily dismissed the motion for failure to state a colorable claim. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Rodricus Antwan Johnson, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural and Factual Background

Movant and several other men drove to Oak Park Apartments in Memphis to avenge an earlier shooting incident in which Michael Williams shot into a vehicle driven by Patrick Parham. They located Christopher Williams, Michael's brother, who fled when he saw them approaching with weapons. Numerous shots were fired at Christopher

Williams as he fled. Although they missed the intended target, one bullet struck and killed a ten-year-old boy playing football with his father on the playground of the apartments. *State v. Rodicus Johnson*,[1] No. W2004-02556-CCA-R3-CD, 2007 WL 316403, at *1 (Tenn. Crim. App. Feb. 2, 2007), *no perm. app. filed*; *see also State v. Herman Parham*, No. W2004-00059-CCA-R3-CD, 2005 WL 2372755, at *2 (Tenn. Crim. App. Sept. 27, 2005), *no perm. app. filed*.

Movant "was indicted for first degree murder, felony murder, attempted premeditated murder, and conspiracy to commit premeditated first degree murder. He was later indicted for aggravated perjury relating to his testimony during a pre-trial hearing on his motion to suppress." *Rodicus Johnson*, 2005 WL 316403 at *1. On June 11, 2004, a jury convicted Movant of second degree murder, reckless endangerment, and aggravated perjury. *Id.* On July 28, 2004, the trial court sentenced Movant to twenty-five years for second degree murder, six months for reckless endangerment, and two years and six months for aggravated perjury and ordered the aggravated perjury sentence to be served consecutively to the sentence for second degree murder, for a total effective sentence of twenty-seven years and six months. *Id.*

In his direct appeal, Movant claimed there was insufficient evidence to support his aggravated perjury conviction or to corroborate the testimony of an accomplice, that the language of the indictment was insufficient to allege the offense of aggravated perjury, and that the prosecution failed to disclose a key witness's testimony. *Id.* Movant did not appeal his sentences. *Id.* Movant's convictions were affirmed. *Id.*

### Rule 36.1 Motion

On February 21, 2018, Movant filed a Rule 36.1 motion, seeking correction of what he claimed was an illegal sentence because the trial court used "two enhancement factors that w[ere] inapplicable . . . pursuant to *Blakely*, as well as under state law." On May 4, 2018, the trial court summarily dismissed the motion, finding that "all of [Movant's] sentences were within the appropriate range (Range 1) for the offenses convicted, *Blakely* was decided prior to [Movant]'s motion for new trial and appeal, and no appeal was ever made of [Movant]'s sentences." The court noted that "[a]t best, any allegation that his sentences were inappropriate would be alleged appealable error as described" in *State v. Wooden*, 478 S.W.3d 585 (Tenn. 2015).

---

[1] In accordance with this court's practice, the opinion was styled in the name that appeared in the indictment: Rodicus Johnson. Movant was referred to as Rodricus Johnson elsewhere in that record. *Rodicus Johnson*, 2005 WL 316403, at *1 n.1.

**Analysis**

Movant now timely appeals, claiming that the trial court (1) "applied the wrong legal standard" in summarily dismissing his Rule 36.1 motion, (2) erred in finding that the errors set out in his motion were appealable errors, and (3) erred in not finding that his *Blakely* issue had been preserved and "that he was entitled to the benefit of the ruling applying a new legal principle impacting Tennessee's sentencing law." The State argues that the trial court acted properly in summarily dismissing the motion for failure to state a colorable claim. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. As provided in Rule 36.1, an illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2), *see also Wooden*, 478 S.W.3d at 594. "[A] Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief." *Id.* at 593. Under Rule 36.1, a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief[.]" *Id.* Whether Movant's Rule 36.1 motion states a colorable claim is a question of law that we review de novo. *Id.* at 589.

Sentencing errors are divided "into three categories—clerical errors, appealable errors, and fatal errors." *Id.* at 595; *see also Cantrell v. Easterling*, 346 S.W.3d 445, 449-52 (Tenn. 2011). "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document[.]'" *Wooden*, 478 S.W.3d at 595 (quoting *Cantrell*, 346 S.W.3d at 452). Appealable errors are "'those errors for which the Sentencing Act specifically provides a right of direct appeal.'" *Id.* (quoting *Cantrell*, 346 S.W.3d at 449). Fatal errors are "'so profound as to render the sentence illegal and void.'" *Id.* (quoting *Cantrell*, 346 S.W.3d at 452). Only fatal errors may be corrected under Rule 36.1. *Id.*

*Blakely* was decided on June 24, 2004, *see Blakely*, 542 U.S. 296, approximately two weeks after Movant was convicted by a jury and one month before he was sentenced. In *Blakely*, the Supreme Court specifically reaffirmed the rule it had expressed in *Apprendi*: "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'" *Blakely*, 542 U.S. at 301, quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Blakely* defined the "statutory maximum" as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303. (emphasis in original). At the time Movant was sentenced, the maximum sentence that a judge in Tennessee could "impose without any additional findings" for Class A, B, C, D, and E

felonies was the presumptive sentence. *State v. Gomez* (*Gomez II*), 239 S.W.3d 733, 738 (Tenn. 2007). The presumptive sentence was tied to the statutorily available sentence. The statutorily available sentence for a Range I offender convicted of second degree murder, a Class A felony, was "not less than fifteen (15) nor more than twenty-five (25) years[,]" Tenn. Code Ann. § 40-35-112(a)(1) (2004), and the statutorily available sentence for a Range I offender convicted of aggravated perjury, a Class D felony, was "not less than two (2) nor more than four (4) years[.]" Tenn. Code Ann. § 40-35-112(a)(4) (2004). The presumptive sentence for a Class A felony was twenty years, the midpoint of the range, and the presumptive sentence for a Class D felony was two years, the minimum sentence in the range. Tenn. Code Ann. § 40-35-210(c)(2004).

The trial court sentenced Movant above the presumptive sentence for second degree murder and aggravated perjury based on enhancement factors determined by the trial court. Although we agree with Movant's claim that *Blakely* was applicable to Movant's sentencing, even if the trial court erred by sentencing Movant above the presumptive statutory minimum based on enhancement factors that should have been, but were not, determined by the jury; such an error was an appealable error because the Sentencing Act specifically provided to Movant a right of direct appeal "from the length, range or the manner of service of the sentence imposed by the sentencing court." Tenn. Code Ann § 40-35-401(a) (2004), *see also Wooden*, 478 S.W.3d at 595.

Movant's claim in this case is similar to the claim made by the defendant in *Wooden*. Mr. Wooden claimed that his sentence directly contravened the applicable statute and was illegal "because the trial court increased the sentence above the presumptive statutory minimum" without finding "any enhancement factors to support the increase[.]" *Wooden*, 478 S.W.3d at 595. The supreme court determined that a "trial court's erroneous 'consideration of . . . mitigating and enhancement factors'" *must* be addressed on direct appeal because it does not render the sentences illegal for the purposes of Rule 36.1 as long as the defendant received a sentence that was statutorily available. *Id.* at 596. Just like the sentencing error in *Wooden*, a *Blakely* violation is an erroneous application of an enhancement factor that *must* be addressed on direct appeal.

A statutorily available sentence imposed in violation of *Blakely* is not a fatal error and "[o]nly fatal error render sentences illegal" under Rule 36.1. *Id.* at 595, *see also State v. Rafael Antonio Bush*, No. M2016-01537-CCA-R3-CD, 2017 WL 2376825, at *7 (Tenn. Crim. App. June 1, 2017) ("a *Blakely* violation would not render a judgment void and does not meet the definition of an illegal sentence under Rule 36.1"), *no perm. app. filed*; *State v. James Mario Starnes*, No. M2016-02274-CCA-R3-CD, 2018 WL 446202, at *1 (Tenn. Crim. App. Jan. 17, 2018), ("a *Blakely* violation would not rise to the level of an illegal sentence for Rule 36.1 purposes"), *no perm. app. filed*.

**Conclusion**

Movant received a statutorily available within-range sentence for each of his felony convictions.  Movant's sentences were not illegal.  The trial court correctly determined that Movant failed to state a colorable claim for relief under Rule 36.1.  The judgment of the trial court summarily dismissing Movant's Rule 36.1 motion is affirmed.


_____
ROBERT L. HOLLOWAY, JR., JUDGE